# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MICHAEL MACHNIK, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>RSI ENTERPRISES, INC.,<br><br>    Defendant. | Case No.: 17-cv-864<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Michael Machnik is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her debts allegedly incurred for personal, family or household purposes, namely alleged medical debts.

5. Defendant RSI Enterprises, Inc. ("RSI") is a debt collection agency with its principal offices located at 5440 W. Northern Avenue, Glendale, Arizona 85301.

6. RSI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.  RSI is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. RSI is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8.  On or about May 8, 2017, RSI mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Advanced Pain Management" ("APM"). A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

9.  The debt referenced in <u>Exhibit A</u> was incurred for personal medical services.

10.  Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, APM mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment'").

11.  Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12.  Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by RSI to attempt to collect alleged debts.

13.  <u>Exhibit A</u> was the first letter that RSI sent to Plaintiff with respect to Plaintiff's alleged APM debt.

14.  <u>Exhibit A</u> contains multiple contradictory and confusing statements of the amount that RSI was attempting to collect from Plaintiff.

15.  <u>Exhibit A</u> contains the following text:

2

Case 2:17-cv-00864-WED    Filed 06/21/17    Page 2 of 7    Document 1

> Service Date: 09-26-12
> Service Date Balance: $134.15
>
> The above-listed Service Balance is specific to the listed Service Date. You may have additional accounts owing with RSI Enterprises, Inc. Should you owe for multiple accounts, you will find an additional page enclosed, which breaks down the total amount due, by account. As of the date of this letter, $1244.93 is the total amount due for any outstanding accounts with RSI, including the listed Service Balance.

16. <u>Exhibit A</u> is confusing to the unsophisticated consumer. It is unclear whether RSI is collecting the entire $1,244.93 balance or just the $134.15 that was represented to be the "service date balance."

17. The alleged debt or debts here are unsecured medical debts. Upon information and belief, APM would accept any payment of any amount at any time.

18. The Seventh Circuit held in *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 840 (7th Cir. 2007), that "only the past due amount, the amount owed [to the debt collector], can be the 'amount of the debt' under § 809(a)(1)." Whichever number RSI is truly collecting, it need only state that amount in the letter.

19. The different amounts on <u>Exhibit A</u> render <u>Exhibit A</u> confusing to the unsophisticated consumer, who would not be able to determine, or would be confused as to, which amount RSI was actually attempting to collect.

20. Plaintiff was confused by <u>Exhibit A</u>.

21. The unsophisticated consumer would be confused by <u>Exhibit A</u>.

22. Plaintiff had to spend time and money investigating <u>Exhibit A</u>.

23. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*,

No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of – the character, amount, or legal status of any debt."

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692g(a)(1) requires a debt collector to provide the consumer, within five days of the initial communication, a written notice containing: "the amount of the debt." This notice cannot be confused by other language in the letter.

## COUNT I – FDCPA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. RSI represented the amount of the debt that RSI was attempting to collect in a confusing manner by stating multiple amounts that RSI was attempting to collect. Exhibit A.

33. The unsophisticated consumer would be confused as to whether RSI was attempting to collect only the "service date balance" or the total balance.

34. RSI's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) and 1692g(a)(1).

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A (c) seeking to collect a debt for personal, family or household purposes, (d) between June 21, 2016 and June 21, 2017, inclusive, (e) that was not returned by the postal service.

36. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) and 1692g(a)(1).

38. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

6

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated:  June 21, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com