# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL MACHNIK,

        **Plaintiff,**

      **v.**               **Case No. 17-CV-864**

RSI ENTERPRISES, INC.,

        **Defendant.**

## DECISION AND ORDER

RSI Enterprises, Inc., a debt collector, sent a debt collection letter to Michael Machnik regarding a debt that Machnik allegedly owed to Advanced Pain Management. (ECF No. 1, ¶¶ 5, 8.) At its top, the letter referred to $134.15 due for service on September 26, 2012. (ECF No. 1-1 at 2.) The letter continued:

> The above-listed Service Balance is specific to the listed Service Date. You may have additional accounts owing with RSI Enterprises, Inc. Should you owe for multiple accounts, you will find an additional page enclosed, which breaks down the total amount due, by account. As of the date of this letter, $1244.93 is the total amount due for any outstanding accounts with RSI, including the listed Service Balance.

> ADVANCED PAIN MANAGEMENT assigned this balance to RSI Enterprises, Inc. for collection on 04-27-17.

(ECF No. 1-1 at 2.) Included with the letter was a sheet containing 15 entries each consisting of a "Cliref #," a "Serv Date," and a "Balance." (ECF No. 1-1 at 4.) At the bottom of this list is, "Total 1244.93".

Machnik filed the present action alleging that RSI's letter violated various provisions of the Fair Debt Collection Practices Act (FDCPA). (ECF No. 1, ¶¶ 31-34.) He contends the letter is confusing because it "is unclear whether RSI is collecting the entire $1,244.93 balance or just the $134.15 that was represented to be the 'service date balance.'" (ECF No. 1 ¶ 16.)

RSI moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 7.) It contends that the letter is not plausibly confusing. Rather, "[i]t should be patently obvious to Plaintiff that RSI is attempting to collect the debt that is the subject of the letter, as well as the total amount due to the same creditor." (ECF No. 7 at 3-4.) The briefing on the motion is complete and the matter is ready for resolution. All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 4, 5.)

For the purposes of a motion to dismiss under Fed. R. 12(b)(6), the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 351 (7th Cir. 2017). "To avoid dismissal, the complaint must 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016)). "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of*

*Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Requests for relief as to a part of a claim are a matter for summary judgment. *Id.* (citing Fed. R. Civ. P. 56(a)).

Machnik presents a single claim in his complaint. (ECF No. 1, ¶¶ 31-34.) Specifically, he asserts that "RSI's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) [sic] and 1692g(a)(1)." (ECF No. 1, ¶ 34.) Although there are numerous ways a debt collector may violate the FDCPA, for present purposes the court focuses upon Machnik's contention that the letter he received from RSI violated 15 U.S.C. § 1692e. Specifically, the court looks to whether RSI used "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

"Whether the debt collector's letter complies with the statute is determined objectively; the inquiry is whether an 'unsophisticated consumer or debtor' would be confused by the contents of the letter." *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 503 (7th Cir. 2008) (quoting *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005)); *see also Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 603 (7th Cir. 2016). "The unsophisticated debtor is 'uninformed, naive, [and] trusting' but is also assumed 'to possess rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.'" *McKinney*, 548 F.3d at 503 (quoting *Durkin*, 406 F.3d at 414). An unsophisticated consumer will also have "a reasonable knowledge of her account's history." *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 646 (7th Cir. 2009).

"Additionally, while the unsophisticated consumer 'may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion.'" *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014) (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

"Impermissible communication tactics include flat-out contradiction, overshadowing the information with other text or formatting, or 'failure to explain an apparent though not actual contradiction.'" *McKinney*, 548 F.3d at 503 (quoting *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997)). A letter may violate the FDCPA if "the letter's language unacceptably increases the level of confusion." *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006).

In the context of a motion to dismiss, the court must be especially cautious when faced with questions of whether a statement is false, deceptive, or misleading. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). "[A] determination as to whether a statement is confusing under the FDCPA, is a fact-bound determination of how an unsophisticated consumer would perceive the statement." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016); *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (stating that, although deception is a question of fact rather than of law, dismissal of an action may sometimes be appropriate). "'[J]udges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.' Accordingly, Rule 12(b)(6) dismissal on that issue is

appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief." *Marquez*, 836 F.3d at 812 (quoting *McMillan*, 455 F.3d at 759).

The court finds it unnecessary at this point to consider questions such as the propriety of RSI listing in a single letter both the new balance it was assigned as well as the overall balance, including other accounts, that it was attempting to collect from Machnik. The court's focus is narrower.

When the letter says, "ADVANCED PAIN MANAGEMENT assigned this balance to RSI Enterprises, Inc. for collection on 04-27-17," what is "this balance"? Is it the $134.15 or the $1,244.93? More importantly, what is the debtor expected to pay? At the bottom of the letter is a remittance form that RSI requests be returned with any payment. It contains an address where payments should be sent and a space to provide a credit card number. At the very bottom is the reference number ending 9/26/2012 (stated above in conjunction with the $134.15 balance) but then it says, "Total Amount Owing: $1244.93." (ECF No. 1-1 at 2.)

The top-most part of the letter seems to suggest that Machnik must pay $134.15, but the bottom of the letter suggests that the amount he must remit is $1,244.93. Further, with regard to the $1,244.93, the letter variously refers to that sum as being "owing" and as being "due." In the context of a debt, "owing" an amount is distinguishable from the amount "due." For example, a debtor might "owe" a certain amount on a loan, but

only a portion of that amount will be "due" at a particular time. *See, e.g., In re Alpha Telcom, Inc.*, No. CV 01-1283-PA, 2005 U.S. Dist. LEXIS 3844, at *9 (D. Or. Feb. 1, 2005); *Novus Servs. v. Cron (In re Cron)*, 241 B.R. 1, 4 n.5 (Bankr. S.D. Iowa 1999).

Mindful of the repeated caution of the Court of Appeals for the Seventh Circuit that "a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion," *McMillan*, 455 F.3d at 759, the court concludes that Machnik has plausibly alleged that a significant fraction of the population would be misled by the letter. Therefore, the court must deny RSI's motion to dismiss.

**IT IS THEREFORE ORDERED** that the motion to dismiss filed by RSI Enterprises, Inc., (ECF No. 7) is **denied**.

**IT IS FURTHER ORDERED** that the motion for class certification (ECF No. 3.) is terminated for administrative purposes. However, the court regards the motion as pending to the extent a pending motion is required to satisfy the plaintiff's intended protective purpose in light of *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), and *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). This moots the other relief sought in the motion.

Dated at Milwaukee, Wisconsin this 29th day of September, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge